NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. SPEENEY | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| RUTGERS, THE STATE UNIVERSITY, ET AL. | Consolidated Civil Action No. 02-959 |
| Defendants. | Civil Action No. 02-CV-960 (DMC) |
| DAVID M. OESTREICHER, | |
| Plaintiff, | |
| v. | Civil Action No. 02-CV-961 (DMC) |
| RUTGERS, THE STATE UNIVERSITY, ET AL. | |
| Defendants. | |
| ADRIANA GRECI GREEN, | |
| Plaintiff, | |
| v. | Civil Action No. 02-CV-963 (DMC) |
| RUTGERS, THE STATE UNIVERSITY, ET AL. | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendants Carpenter, Bennett &

Morrissey ("CBM"), Irving Hurwitz, Esq., and Linda Celauro, Esq. (hereinafter collectively referred to as the "CBM Defendants") for summary judgment on Counts 7 and 18 of Plaintiffs' Complaint and upon Plaintiffs' Cross-Motion to Reopen Disqualification Application.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(I), no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the CBM Defendants" motion is **granted** and Defendants' cross-motion for reopening the disqualification application is **denied**.

### I.      BACKGROUND

#### A.      Parties

Plaintiffs Mark Speeney, David Oestricher, and Adriana G. Green ("Plaintiffs") were among several students who participated as witnesses in a detenuring proceeding that Defendant Rutgers, The State University ("Rutgers") brought against Defendant Dr. William Powers ("Powers"), an Anthropology professor at Rutgers.  The detenuring proceedings were initiated as a result of numerous complaints made by Plaintiffs and other students in the Ph.D. program.  Rutgers retained the CBM Defendants for the purpose of presenting and/or prosecuting evidence of misconduct against Powers at the detenuring hearings.

#### B.      Facts

After several students complained about Powers' conduct and Rutgers investigated those complaints, the University President filed tenure charges against Powers.  Powers then exercised his right to a public detenuring hearing.  The only parties to the detenuring hearing were Rutgers and Powers.  At the request of Rutgers, Plaintiffs were closely involved in the presentation of evidence against Powers. Specifically, Rutgers asked that Plaintiffs work with the CBM Defendants to provide

information to Rutgers' attorneys and to testify at the detenuring hearing.

The hearing lasted approximately sixty days. After the hearing concluded but before a decision was released by the faculty panel, Rutgers and Powers reached a settlement. Plaintiffs were notified of the settlement after it was released.

### C. Claims

Plaintiffs' claims are premised on their position that the CBM Defendants represented Plaintiffs in the detenuring proceeding. Plaintiffs brought the following three claims against the CBM Defendants. First, Plaintiffs allege that the CBM Defendants committed attorney malpractice by settling the case with Powers and not obtaining a settlement that was adequately favorable to Plaintiffs. Second, Plaintiffs allege that the CBM Defendants owed a constructive trust/fiduciary duty to Plaintiffs that was breached through the CBM Defendants' handling of the detenuring proceeding. Third, Plaintiffs contend that the CBM Defendants breached their ethical obligations; however, this claim is no longer before this Court because former Chief Judge John Bissell granted summary judgment on it.

#### 1. Procedural History

This case was originally filed in New Jersey Superior Court but was removed to the United States District Court for the District Court of New Jersey. The CBM Defendants previously moved for summary judgment in March 2003. Judge Bissell granted summary judgment as to the breach of ethical obligations claim, but denied summary judgment as to the breach of constructive trust/fiduciary duty and the legal malpractice claim. Plaintiffs then moved to disqualify CBM as counsel for Rutgers. Among the reasons Plaintiffs argued that disqualification was necessary was that CBM had a conflict of interest with Plaintiffs, its former clients. Judge Bissell found that a

genuine issue of material fact existed as to whether the CBM Defendants ever represented Plaintiffs. In an Opinion dated March 8, 2005, Judge Bissell concluded that "[w]ithout a determination that the CBM Defendants were acting as Plaintiffs' attorneys, this Court is not in the position to disqualify the CBM attorneys as Rutgers' counsel." Yost v. Rutgers, State Univ., Civ. No. 02-959, at 10-11 (D.N.J. Sept. 29, 2003) (unpublished opinion). Judge Bissell thereby ordered an evidentiary hearing to determine whether an implied attorney-client relationship existed. A four-day evidentiary hearing on this issue took place before this Court in January 2006.

### 2.     Evidentiary Hearing

In ordering the evidentiary hearing, Judge Bissell cited Montgomery Academy v. Kohn, 50 F. Supp. 2d 344 (D.N.J. 1999). Following the ruling of that case, the issue at the evidentiary hearing was whether an implied attorney-client relationship existed. This Court applied the standard set forth in Montgomery Academy: "[t]o establish an implied attorney-client relationship 'a party must show (1) that it submitted confidential information to a lawyer, and (2) that it did so with the reasonable belief that the lawyer was acting as the party's attorney.' " Id. at 350, quoting Pain Prevention Lab, Inc. v. Elec. Waveform Labs, Inc., 657 F. Supp. 1486, 1495 (N.D. Ill. 1987).

At the evidentiary hearing before this Court all but one of the Plaintiffs testified. Evidence was put forth as to the communications between Plaintiffs and the CBM Defendants. Parties presented both oral arguments and briefs on the issue of whether an attorney-client relationship existed between the Plaintiffs and the CBM Defendants.

### 3.     Previous Ruling as to Existence of Attorney-Client Relationship

At the conclusion of the evidentiary hearing, this Court ruled that no attorney-client relationship existed, either express or implied. Transcript of Proceedings, Vol. 5, at 816.6-8.

Accordingly, Plaintiffs' motion to disqualify the CBM Defendants was denied. This Court ruled that there was no express attorney-client relationship because "Plaintiffs did not hire Carpenter Bennett, they could not fire them, there's no retainer agreement, there's no bills, there's no payment, and there's nothing in writing that even remotely suggests such a relationship from any of the parties." Transcript of Proceedings, Vol. 5, at. 812.20-24. Furthermore, this Court held that the evidence showed that "no one from Rutgers or Carpenter Bennett, either expressly or impliedly, in words or substance, led the Plaintiffs to believe that Carpenter, Bennett & Morrissey were their attorneys or representing them in the matter." Transcript of Proceedings, Vol. 5 at 813.15-19.

## II. CBM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Law of the Case Doctrine

This Court has decided that there was no express or implied attorney-client relationship between Plaintiffs and the CBM Defendants. According to the law of the case doctrine, this issue may not be relitigated in the same case. See Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982). The purpose of this doctrine is to promote the "'judicial system's interest in finality and in efficient administration.'" Id. quoting Todd & Co., Inc. v. S.E.C., 637 F.2d 154, 156 (3d Cir. 1980). Thus, once this Court decided that there was no attorney-client relationship between Plaintiffs and the CBM Defendants, this decision continues "to govern the same issues in subsequent stages in the same case." United States v. Kikumura, 947 F.2d 72, 77 (3d Cir. 1991) citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).

### B. Questions of Fact Resolved

Prior to the evidentiary hearing before this Court there was a question of fact in this case: whether or not there was an express or implied attorney-client relationship between Plaintiffs and

the CBM Defendants. This question of fact was resolved by this Court after reviewing all the evidence and arguments set forth by the parties. As Judge Bissell first noted in ordering the evidentiary hearing, the factual question of whether or not an attorney-client relationship existed must necessarily be resolved in order to decide the disqualification issue. Thus, this Court necessarily decided whether or not there was an attorney-client relationship before deciding the disqualification issue. Additionally, this Court engaged in a very intensive review of the evidence in deciding the disqualification motion because, as this district has repeatedly noted, such questions are very fact-sensitive. Rohm and Haas Co., v. Am. Cyanamid Co., 187 F. Supp. 2d 221, 227 (D.N.J. 2001) (citing Dewey v. Reynolds Tobacco Co., 109 N.J. 201, 205 (1988).

Plaintiffs argue that in deciding Defendants' summary judgment motion the Court should apply a different standard of proof than the standard applied at the evidentiary hearing. This argument is unpersuasive because there is no longer a question of fact in this case. Plaintiff cites Reeves v. Sanderson Plumbing Prod., Inc., arguing that inferences should be made and evidence weighed in favor of the nonmoving party. 530 U.S. 133, 150-51 (2000). However, that same case holds that in deciding a summary judgment motion, the court must "disregard all evidence favorable to the moving party that the jury is not required to believe." Id. Here, the jury would not be permitted to disregard this Court's ruling that there was no attorney-client relationship between Plaintiffs and the CBM Defendants because it is the rule of the case.

By asking this Court to disregard its previous findings for purposes of this summary judgment motion, Plaintiffs are asking this Court to merely reconsider it again at a later stage in the proceedings. If this Court denied summary judgment, then Plaintiffs will ask this Court to again rule on the same issue it has already decided: whether there was an attorney-client relationship between

the CBM Defendants and Plaintiffs. Allowing relitigation of the same issue conflicts with the law of the case doctrine, frustrating its purpose of promoting the judicial system's interest in finality and efficiency.

This Court holds that the previous ruling based on the evidentiary hearing is controlling in this case and applies to all aspects of this litigation.

### C.  Absence of Attorney-Client Relationship Is Fatal to Legal Malpractice Claim

The presence of an attorney-client relationship is a necessary element of a claim for legal malpractice. See Waterloov Gutter Prot., L.L.C. v. Absolute Gutter Prot., 64 F.Supp.2d 398, 425 (D.N.J. 1999) citing DeAngelis v. Rose, 320 N.J. Super. 263, 274 (App. Div. 1999) (holding that "[t]o prevail on a claim of attorney malpractice, a plaintiff must prove the existence of an attorney-client relationship that gives rise to a duty of care, the breach of such duty, and proximate causation"); see also Conklin v. Hannoch Weisman, 145 N.J. 395, 416 (1996). This Court has already determined that there was no attorney-client relationship between Plaintiffs and the CBM Defendants. This is the law of the case and continues "to govern the same issues in subsequent stages in the same case." Kikumura, 947 F.2d at 77. In the absence of an attorney-client relationship, Plaintiffs cannot prevail on the legal malpractice claim. Based on the foregoing reasons, summary judgment is granted on Count 18 of Plaintiffs' Complaint.

### D.  Breach of Constructive Trust/Fiduciary Duty Claim

In order for Plaintiffs to prevail on Count 7 of the Complaint, they must show that the CBM Defendants owed a fiduciary duty to Plaintiffs. In Count 7, Plaintiffs allege that they

> entrusted Rutgers and the CBM attorneys with valuable assets, i.e., his causes of action arising from the misconduct of William Powers . . . Rutgers and the CBM Attorneys had a fiduciary duty to either fulfill Plaintiffs' trust by attaining financial,

>     equitable and administrative relief for him or to advise him of their inability to accept the trust due to their conflict of interest.

Speeney Complaint ¶¶190-94. Plaintiffs claim that this fiduciary duty was breached because the CBM Defendants did not attain proper relief for Plaintiffs through CBM's handling of the detenuring proceeding and also because the CBM Defendants did not advise Plaintiffs of their inability to accept the constructive trust due to a conflict of interest.

Plaintiffs' theory of relief for breach of constructive trust/fiduciary duty is tort-based. Therefore, it is essential that Plaintiffs' show that the CBM Defendants owed Plaintiffs a duty because "a fundamental requisite for tort liability is the existence of a duty owing from the defendant to plaintiff." City Check Cashing, Inc. v. Mfrs. Hanover Trust Co., 166 N.J. 49, 61 (2001) quoting Penn Nat'l Turf Club, 158 N.J. Super. 196, 201 (App. Div.), certif. denied, 77 N.J. 506 (1978) More specifically, from a reading of the Complaint it appears that Plaintiffs rely on the following premise: "[w]here a person in a fiduciary relation to another acquires property, and the acquisition or retention of the property is in violation of his duty as a fiduciary, he holds it upon a constructive trust for the other." Jersey City v. Hague, 18 N.J. 584, 595 (1955) quoting Restatement on Restitution § 190. Thus, to prevail on the breach of constructive trust claim, Plaintiffs must show a fiduciary relationship.

Essential to a fiduciary relationship is "that one party places trust and confidence in another who is in a dominant or superior position. A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." F.G. v. MacDonnell, 150 N.J. 550, 563 (1997) citing Restatement (Second) of Torts, § 874 cmt a. (1979). To prevail on this claim, Plaintiffs must show that there was

a fiduciary relationship between Plaintiffs and the CBM Defendants other than an attorney-client relationship. Without a fiduciary relationship between the parties, the CBM Defendants owed no fiduciary duties to Plaintiffs and thus could not have breached them.

As discussed above, the law of this case is that there is no express or implied attorney-client relationship. Pursuant to the findings of the four-day evidentiary hearing, this Court found that "[t]he Plaintiffs were expressly informed that they were not represented as clients by Carpenter, Bennett & Morrissey on more than one occasion in the record. Furthermore, the Plaintiffs recognized their role and their status as witnesses and not parties." Transcript of Proceedings, Vol. 5, at 813.9-10; T914.2-4. Thus, an attorney-client relationship is not a possible ground for finding the CBM Defendants owed fiduciary duties to Plaintiffs.

Furthermore, the CBM Defendants did not owe fiduciary duties to Plaintiffs pursuant to the New Jersey Supreme Court's ruling in Petrillo v. Bachenberg. 139 N.J. 472 (1995). In ordering the evidentiary hearing in this case, Judge Bissell found that the CBM Defendants may be liable to Plaintiffs pursuant to the rule of law announced in Petrillo; however, this Court's earlier ruling forecloses this theory of liability. 139 N.J. 472 (1995). Petrillo recognized that "attorneys may owe a duty of care to non-clients." Id. at 483-84. See also RTC Mortgage Trust 1994 N-1 v. Fid. Nat'l Title Ins. Co., 58 F.Supp. 2d 503, 521 (D.N.J. 1999). The existence of this duty "depends on balancing the attorney's duty to represent clients vigorously, with the duty not to provide misleading information on which third parties foreseeably will rely." Petrillo, 139 N.J. at 479 (internal citation omitted). Key to imposing liability on these grounds is the non-client's reliance on the attorney's work or representations.

In this case, there was no reason that the CBM Defendants should know or reasonably expect

9

that Plaintiffs would rely on their legal work because, as this Court ruled, the "Plaintiffs were expressly informed that they were not represented as clients by Carpenter, Bennett & Morrissey on more than one occasion in the record. Furthermore, the Plaintiffs recognized their role and their status as witnesses and not parties." Transcript of Proceedings, Vol. 5 at 813.25-T814.1-4. This Court found that the Plaintiffs understood their role in the proceedings and, further, that nothing was done to foster a belief by the Plaintiffs that they were represented by CBM. Bearing in mind that "the point is to cabin the lawyer's duty" to non-clients, it is apparent from this Court's earlier findings that the CBM Defendants did not know and should not have known that Plaintiffs were relying on CBM's legal work. Petrillo, 139 N.J. at 484. Based on this finding, liability cannot be imposed pursuant to the rule of law set forth in Petrillo.

Plaintiffs' complaint sets forth no other grounds upon which to find the CBM Defendants owed Plaintiffs a fiduciary duty. Based on the foregoing, the CBM Defendants' motion for summary judgment is granted as to Plaintiffs' Count 7 for breach of constructive trust/fiduciary duty.

### III.   PLAINTIFFS' CROSS-MOTION TO REOPEN DISQUALIFICATION ISSUE

Plaintiffs' filed a cross-motion in this case to have the Court reopen the question of whether CBM should be disqualified from representation of Defendant Rutgers. Contrary to Plaintiffs' argument, this is a motion to ask this Court to reconsider a motion that has already been adjudicated. This is not more akin to a motion for summary judgment but rather it is a motion for reconsideration because Plaintiffs are asking this Court to reconsider its January 30, 2006 Order denying Plaintiffs' motion to disqualify the CBM Defendants as Rutgers' attorneys.

Essentially, Plaintiffs are asking this Court to reconsider an issue already decided. This motion for reconsideration is untimely and meritless. First, Local Civil Rule 7.1(I) requires that

motions for reconsideration be filed "within 10 business days after the entry of the order or judgment on the original motion." Furthermore, an untimely filed motion may be denied for that reason alone. Damiano v. Sony Music Entm't, Inc., 2000 U.S. Dist. LEXIS 16670 (D.N.J. Nov. 13, 2000); see also L. Civ. R. 7.1(I) cmt a; United States ex rel. Malloy v. Telephonics Corp., 68 Fed. Appx. 270, 274, n.6 (3d Cir. 2003) cert. denied, 541 U.S. 974 (2004).

Nevertheless, the untimeliness of a motion for reconsideration may be disregarded if "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 U.S. Dist. LEXIS 11742, at *1 (D.N.J. May 21, 2004). In this case, there has been no intervening change in controlling law and reconsideration is not necessary to correct any error of law or injustice. While Plaintiffs point to "new" evidence that requires reconsideration of the disqualification hearing, it is not apparent that this evidence was not previously unavailable or that this "new" evidence compels reconsideration of this Court's January 30, 2006 Order. Specifically, Plaintiffs point to documents that, they claim, reveal that CBM considered themselves to be representing Plaintiffs. Plaintiffs argue that these documents thereby show that Plaintiffs were reasonable in their belief that CBM represented their interests. This argument is not persuasive and disregards the fact that this Court has already determined after an exhaustive hearing that any belief held by Plaintiffs that the CBM Defendants represented them was unreasonable.

Accordingly, this Court will deny Plaintiffs' request for reconsideration of the disqualification issue.

**IV.** <u>CONCLUSION</u>

For the foregoing reasons, the CBM Defendants' motion for summary judgment is **granted** as to Plaintiffs' Counts 7 and 18.  Plaintiffs' request that this Court reopen and reconsider the previous denial of Plaintiffs' disqualification motion is **denied**.  An appropriate Order accompanies this Opinion.

                                                    S/ Dennis M. Cavanaugh
                                                    DENNIS M. CAVANAUGH, U.S.D.J.

Date:          November  6 , 2006
Orig.:         Clerk's Office
cc:            Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File