NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. SPEENEY | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| RUTGERS, THE STATE UNIVERSITY, ET AL. | Consolidated Civil Action No. 02-959 |
| Defendants. | Civil Action No. 02-CV-960 (DMC) |
| | |
| DAVID M. OESTREICHER, | |
| Plaintiff, | |
| v. | Civil Action No. 02-CV-961 (DMC) |
| RUTGERS, THE STATE UNIVERSITY, ET AL. | |
| Defendants. | |
| | |
| ADRIANA GRECI GREEN, | |
| Plaintiff, | |
| v. | Civil Action No. 02-CV-963 (DMC) |
| RUTGERS, THE STATE UNIVERSITY, ET AL. | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon motion by Plaintiffs Mark A. Speeney, David M.

Oestreicher and Adriana Greci Green (collectively "Plaintiffs") for reconsideration of this Court's November 6, 2006 Opinion and Order granting summary judgment to Defendants Carpenter, Bennett & Morrissey ("CBM"), Irving Hurwitz, Esq., and Linda Celauro, Esq. (hereinafter collectively referred to as the "CBM Defendants") on Counts 7 and 18 of Plaintiffs' Complaint and denying Plaintiffs' Cross-Motion to Reopen Disqualification Application. In the alternative, Plaintiffs ask the Court to certify the November 6, 2006 Order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b); or to certify the November 6, 2006 Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion for reconsideration is **denied** and that Plaintiffs' motions to have the November 6, 2006 Order certified pursuant to Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) are also **denied**.

**I.    BACKGROUND**

The factual and procedural background of this case are contained in this Court's November 6, 2006 Opinion and are incorporated herein by reference.

**II.   MOTION FOR RECONSIDERATION**

**A.    Standard of Review**

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F.

2

Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

### B.  Seventh Amendment Right to a Jury

Plaintiffs argue that this Court "overlooked the Seventh Amendment's requirement that plaintiffs' right to a jury trial be preserved." Pls. Br. at 1. Specifically, Plaintiffs contend that their claims are based in both law and equity; and thus, they have a right to a jury trial. Id. (citing Lytle v. Household Mfg., Inc., 494 U.S. 545, 550 (1990)). This argument is untimely and will not be considered by the Court because it was not raised previously and cannot be raised for the first time pursuant to a Rule 7.1(i) motion for reconsideration. See Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (quoting Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988)).

### C.  "New Evidence"

In opposition to the CBM Defendants' motion for summary judgment, Plaintiffs alleged that new evidence was available, asking the Court to reconsider its January 27, 2006 findings of fact based on the evidentiary hearing. This Court refused to consider new evidence, relying on the previous findings of fact. Plaintiffs' request for this Court to consider "new evidence" was untimely in July of 2006 as it is now. Pursuant to Local Civil Rule 7.1(i), motions for reconsideration, including those based on "new" evidence, must be filed within ten days of the unfavorable decision. This Court is barred from considering Plaintiffs' "new evidence" by Rule 7.1(i) as well as the "law of the case" doctrine.

### D.  Breach of Constructive Trust/Fiduciary Duty

Plaintiffs argue that this Court should reconsider its grant of summary judgment on the

3

breach of constructive trust/fiduciary duty claim, contending that the "law of the case" doctrine should not apply to this claim. Plaintiffs complain that at the January 2006 evidentiary hearing Plaintiffs did not put forth any evidence as to this claim because the sole issue addressed at the hearing was whether an attorney-client relationship existed. Plaintiffs' argument reveals their misunderstanding of the very claim they seek to prove. As this Court stated in the November 6, 2006 Opinion, in order for Plaintiffs to prevail on the constructive trust/fiduciary duty claim, they must show the existence of a fiduciary relationship. Based on the January 2006 hearing, no fiduciary relationship - attorney-client or otherwise - was found to exist. Based on that finding, summary judgment as to these claims was appropriate.

### III.   MOTION FOR CERTIFICATION PURSUANT TO RULE 54(b)

Federal Rule of Civil Procedure 54(b) permits the entry of final judgment on individual claims so that an appeal can be pursued before the rest of the litigation is complete "upon an express determination that there is no just reason for delay." The Third Circuit has cautioned that

> 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.

Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958). Plaintiffs make no showing that this case is the "infrequent harsh case." This Court recognizes no special circumstances present in this case warranting certification pursuant to Rule 54(b).

Additionally, certification pursuant to Rule 54(b) is inappropriate in this case because Plaintiffs have not made an adequate showing as to the five non-exclusive factors set forth in Allis-Chalmers Corp. v. Philadelphia Elec. Co.:

4

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

521 F.2d 360, 364 (3d Cir. 1975). In regard to the first factor, there is a strong relationship between the adjudicated claims against the CBM Defendants and the unadjudicated claims against the remaining defendants. In fact, Plaintiffs' ability to recover damages against Dr. Powers and Rutgers is tied to the amount of damages Plaintiffs can recover from the CBM Defendants. Similarly, in regard to the second factor, Plaintiffs' claims against the CBM Defendants might be rendered moot if this Court finds that Plaintiffs may not recover against the remaining defendants. Third, if this Court certifies the claims against the CBM Defendants there is the possibility that the appellate court might be obliged to consider the same issues if the remaining defendants' cross-claims against the CBM Defendants are also appealed. In sum, certification of the November 6, 2006 Order does not serve the goal of judicial efficiency because even if the Third Circuit overturned this decision, the claims against the CBM Defendants are nevertheless stayed, pending the adjudication of the claims against Powers and Rutgers. For these reasons, this Court refuses to certify the November 6, 2006 Order pursuant to Rule 54(b).

### IV. MOTION FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Pursuant to 28 U.S.C. § 1292(b), a district court may certify for immediate appeal an otherwise non-appealable order, if it is satisfied "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation." The statute imposes three requirements before certification may be granted. The order to be certified must (1) involve a controlling question of law; (2) offer substantial ground for difference of opinion; and (3) have the potential to materially advance the ultimate termination of the litigation, if appealed immediately. See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.1974); P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp.2d 355, 358 (D.N.J. 2001). Certification is entirely within the district court's discretion even if the three criteria are met; indeed, courts have acknowledged that "certification is appropriate only in exceptional cases." Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa.1993) (internal quotations and citations omitted); see also Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976).

In regard to the first requirement, the issue of whether an attorney-client relationship exists is undoubtedly a controlling question of law. However, certification pursuant to 28 U.S.C. § 1292(b) is nevertheless inappropriate because Plaintiffs fail to satisfy the remaining two requirements. In regard to the second requirement, Plaintiffs fail to establish that there is a substantial ground for difference of opinion by showing that "other courts have substantially differed in applying that standard." Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993). Plaintiffs do not cite any law showing that other courts have applied the "law of the case" doctrine differently than this Court did in granting summary judgment to the CBM Defendants. Finally, as stated above, granting certification pursuant to 28 U.S.C. § 1292(b) will not materially advance the termination of this litigation because even if Plaintiffs prevail on appeal, the claims against the CBM Defendants will still be stayed pending the adjudication of the claims against the remaining defendants.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for reconsideration is **denied**. Further, Plaintiffs' motions for certification pursuant to Federal Rule of Civil Procedure 54(b) and pursuant to 28 U.S.C. § 1292(b) are **denied**. An appropriate Order accompanies this Opinion.

       S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         February  9 , 2007
Orig.:         Clerk's Office
cc:           Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File